Peter SZANTO *949-887-2369*
11 Shore Pine
Newport Beach CA 92657

# United States District Court

## in and for the District of Oregon
*1000 SW Third Ave, Portland ORE 97204*

| | |
|---|---|
| In Re: | **# 3:20-mc-1070 SI** |
| Peter <u>SZANTO</u> | **Notice of Motion** |
| | **and Motion** |
| | 1) **For Leave to Respond to Appellees' Absurd Speculation About Peter Szanto's Finances** |
| | 2) **For Leave to Seek Striking of Scurrilous Material Filed to Embarrass Peter Szanto** |
| | 3) **For Leave to Seek Sanctions Regarding Violations of Singapore Law** |
| | **Hon. Judge Simon** |

## 1. Certification in Compliance with Local Rule 7-1(a)

This Court's Motion Practice rule requires pre-motion party conferral. On

November 16, 2020 Peter Szanto telephoned Mr. Blackledge, who had appeared in this

case through his associates, seeking discussion regarding matters related to the scurrilous material he has filed. Szanto's call went to voice mail. Szanto requested a return call so that the his concerns could be discussed.

As of the close of business on 11/16/20, Szanto has received no return call. Therefore, pursuant to LR 7-1(a)(1)(B), opposing counsel did not confer with Szanto.

## 2. NOTICE

To the respondents and the Court, please take notice, the Court's ORDER [Docket Entry # 13], contemplated Trustees' response. However, no provision was made related to Peter Szanto's response to the Trustees' absurd analysis of unrelated papers from Singapore.

Thereupon, comes now Peter Szanto seeking relief so as so respond to those matters filed in [Docket Entries 16 and 17].

## 3. FACTS

**First, and foremost**, the Trustees have filed a number of documents from the litigation between these same parties in Singapore (Docket Entries 17-1 thru 17-7)

Peter Szanto has nothing to hide in those documents.

However, Singapore's courts and Singapore law does not have any "public record" provision for placing documents from litigation into any PUBLIC RECORD. Only after the Singapore Supreme Court has been petitioned and granted leave for dissemination can documents be disclosed outside the action itself.

That is, **all** Singapore Supreme filed court documents are filed under seal, until a specific court order allows dissemination item-by-item (and never by the entire case).

Nor does the Singapore legal system provide for any dissemination of filed documents without court permission.

Trustees have neither sought nor obtained Singapore Supreme Court leave of court to file Exhibits 17-1 through 17-7 in this Court.

Thus, by filing the various Singapore court documents in this Court (such that those documents are now PACER accessible to everyone in the world, those documents are now completely public, without any privacy restriction), Mr. Backlidge committed a **contempt upon not merely contra party Szanto, but also upon the justice of the Singapore Supreme Court hearing the matter, as well as, the people of Singapore.**

Peter Szanto asks leave further to elucidate  this matter with view toward the possibility and appropriateness of this Court taking immediate action regarding the plain fact that a member of the Oregon bar, an officer of this Court, intentionally committed contempt upon the Supreme Court of Singapore (a separate and sovereign nation) by the intentional placing of sealed material without the Singapore Supreme Court's leave or permission into the worldwide public record!!

Second, the speculation regarding Peter Szanto's finances makes numerous **obscene and absurd speculations** regarding chemotherapy.

Indeed, it is impossible to comprehend the correlations to Peter Szanto's finances which are being attempted:

a) Peter Szanto must travel to Las Vegas and Phoenix for chemotherapy because clinics closer to Peter Szanto are overwhelmed with Covid. The suppositions made by Trustees are simply unclear corelates as to Peter Szanto's financial life. For example, the fact that Peter Szanto travels to receive chemotherapy does not mean he has discretionary income. Rather it means Peter Szanto takes the **free** gamblers special bus for seniors to Las Vegas. Then, because he has no money to gamble, he walks to the chemotherapy clinic for treatment.

Trustees' **tortured effort** to paint these events in the light of hidden funds is heinous and portends another FRCP 11 motion for such knowing disgraceful outrage!!

b) Peter Szanto's duties in the Israeli Defense Force (IDF), after 55 years of service, are of a supervisory and leadership nature. The need to have chemotherapy does not constrain Szanto's IDF obligations nor the performance of his duties.

Indeed, the speculation about Peter Szanto's chemotherapy is merely another obscene aspect of the manner in which Trustees **battle with reality**. Chemotherapy, intravenous chemical medical treatment, is necessary for Peter Szanto to stay alive.

Are Trustees attempting a correlation between obtaining necessary medical treatment and having undisclosed income ? What is the point they seek to establish beyond pure ridiculous speculation??

c) Travel to Israel meant for IDF active duty is provided by the IDF. IDF planes, hundreds of times a day, fulfill many tasks around the world. IDF planes daily arrive and depart from Los Angeles (30 miles from Szanto's home). A seat on any IDF plane, **without charge**, is always available to an IDF officer travelling to Israel to fulfill his military obligations.

d) Peter Szanto's Aunt celebrated her 100th birthday this year. She is a holocaust survivor, a veteran of 3 of Israel's wars, a military advisor to Israel's cabinet, a renowned archaeologist (called on by many groups: freeway contractors, freeway opponents and theologians to make certain that roads and buildings do not desecrate holy places).

The birthday party was attended by hundreds of people whose lives she has bettered, including Peter Szanto's. To have missed that party, regardless of Covid would have been unthinkable.

There was no cost to travel because Peter Szanto travelled by his IDF credentials and co-ordinated his service commitment with the party.

**Without charge**, while in Israel, Szanto stayed either at his Aunt's house or at military barracks. What is Trustees' contra contention?

In sum, it is impossible to comprehend, what argument related to Peter Szanto's finances or ability to afford counsel is being made.

e)  Trustees, in their accusation at (DE 16, p. 4):

> **Debtor suggests that he is able to work, in his most recent filing, if it were not for the appeals, but leaves open the question of whether he is working at all and if he was working until the appeals became overwhelming, when and where he was working.**

The requirement of IFP form was to list income and resources.

What is Peter Szanto accused of doing or not having done?


f)  In Trustees' EXHIBIT 6, Szanto wrote:

> **I have practiced law in 5 nations where the common law was foundational to fundamental freedom, essential fairness and the equitable administration of justice.**

This is a statement made in the **past tense**. Something having occurred.

Instead, Trustees misconstrue and misrepresent to this Court at

(DE 16, p. 4):

> **As revealed by Exhibit 6, Debtor is a practicing attorney in five different nations. Yet this was not disclosed in his bankruptcy schedules.**

Irrespective of Trustees effort to mislead, Szanto averred no current

attorney licensure. Therefore, in 2016 there was no bankruptcy

disclosure which was required.


The question to the Trustees is: beyond butchering plain English

statements, **what financial analysis points are being made**??


g)  Then at (DE 16, p. 5) comes the Trustees' greatest absurdity:

1

2

3

      **Taken together, the exhibits authored by Debtor and filed with various Courts, reveal a lack of credibility concerning both the Debtor's actions and the Debtor's financial status.**

4

5

    Again !! – Trustees are merely conclusory to create an abstraction of reality!!   What precise statement of Peter Szanto's lacks credibility ?  How does it lack credibility?  What statement contradicts what other statement?

6

7

8

9

    The Trustees statements are grossly abusive, because suggestions are made which are not even supported by innuendo.

10

11

12

    And lastly, what objective financial analysis is offered ? **<u>NONE!!</u>**

13

14

        *a.* *<u>Requests</u>*

15

16

    Thereupon, Peter Szanto asks the Court to consider striking [DE 16 and 17] as highly scurrilous and non-responsive to any objective financial inquiry.

17

18

19

    Second, additional time is requested to perfect an application regarding the Trustees' contemptuous act against the laws of the Nation of Singapore by placing sealed material into the public record.

20

21

22

23

    Third, an extension is requested to file a more thorough response to the many absurd  efforts to mislead this Court in Docket Entry 16 and 17]

24

25

26

27

28

## **4. Conclusion**

Extension of time is prayed fully to respond to the Trustees' diatribe which failed to offer any objective financial analysis.


Most Respectfully,



Dated   16 November 2020  /s/ *signed electronically* Peter Szanto

## **Proof of Service**

My name is Maquisha Reynolds, I am over 21 years of age and not a party to the within action. My business address is PO Box 14894, Irvine CA 92623. On the date indicated below, I personally served the within: **Motion** by e-mail to contra parties at:


    1)  United States Bankruptcy Court
        1050 SW Sixth Avenue # 700
        Portland OR 97204


    2)  Gary L. Blacklidge
        Jordan Ramis PC
        2 Centerpointe Drive, 6th Floor
        Lake Oswego, OR 97035


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed at Irvine CA.


Dated   November 16, 2020 /s/ *signed electronically* Maquisha Reynolds